[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13103
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cv-00642-JES-DNF

DONALD JONES,

Plaintiff - Appellant,

versus

BANK OF AMERICA,
CHAMPION MORTGAGE,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 8, 2014)

Before TJOFLAT, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Donald Jones, proceeding *pro se*, brought this action against Bank of America, N.A., and Champion Mortgage Company, claiming, among other things, a violation of civil rights and fraud in connection with a reverse mortgage on his residence. Because Jones's complaint was incomprehensible and failed to allege facts establishing the District Court's subject matter jurisdiction, the District Court dismissed the complaint with leave to amend. Jones filed an amended complaint, which did not cure the pleading deficiencies of the original complaint. Bank of America moved to dismiss the amended complaint for failure to comply with Federal Rule of Civil Procedure 8(a)'s "short and plain statement of the grounds for the court's [subject matter] jurisdiction," and the court granted the motion with leave to amend. In its order, the court informed Jones that, if he filed a second amended complaint, the complaint would have to contain allegations establishing "diversity" jurisdiction under 28 U.S.C. § 1332, specifically, an amount in controversy exceeding $75,000, or federal question jurisdiction under 28 U.S.C. § 1331, that is, a "cause of action arising under the Constitution, laws, or treaties of the United States." Record, Vol. 1 at Tab 24.

Jones filed a second amended complaint. Bank of America and Champion Mortgage Company each moved to dismiss it under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The District Court assumed that the parties were diverse for purposes of diversity jurisdiction under §

1332, but concluded that the second amended complaint's allegations failed to establish an amount in controversy that exceeded $75,000, as § 1332 requires. Citing "*San Fran. Arts & Athletics, Inc. v. U.S. Olympic* Comm., 483 U.S.522, 652 (1987) (the fundamental inquiry is whether there is a 'governmental actor to whom the prohibitions of the Constitution apply')," the court found nothing in Jones's allegations indicating governmental involvement in his purported injury, so the second amended complaint failed to establish § 1331 jurisdiction.  The District Court therefore dismissed the second amended complaint, without prejudice, under Rule 12(b)(1) for lack of subject matter jurisdiction.  *See* Record, Vol. 1 at Tab 39.

Jones, still proceeding *pro se* appeals the dismissal.  He concedes that his second amended complaint fails to establish diversity jurisdiction under § 1332. Jones does not concede that the second amended complaint fails to establish federal question jurisdiction under § 1331, but we hold that it does; it fails to allege governmental involvement in his alleged injury.

AFFIRMED.